**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cord M. WILKEY, Defendant—
Appellant.**

No. 01–30410.

D.C. No. CR–01–00051–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 7, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

### MEMORANDUM*

Cord Wilkey appeals the district court's denial of his motion to suppress evidence obtained in a search of his home. We affirm. Because the parties are familiar with the facts and procedural history, we will not recount them here.

### I

Our review of a district court's determination that a defendant voluntarily consented to a search is extremely deferential. We will only reverse a district court's factual finding of consent if the district court committed clear error. *United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir.2002). The district court did not clearly err in its factual findings concerning the search. It reached its findings following a lengthy suppression hearing. Although the parties presented contradictory testimony on some issues, and one might draw different inferences from the actions of the officers, the record contains a sufficient basis upon which the district court could make its findings. Given the district court's factual findings, we conclude that the district court did not err as a matter of law in denying the suppression motion.

### II

In reviewing whether probable cause to search Wilkey's home existed, we consider

the "totality of the circumstances" set forth in the affidavit and ask whether a reasonable person would believe there was a "fair probability" that Wilkey had marijuana in the basement. *United States v. DeLeon,* 979 F.2d 761, 764 (1992). A district court may rely upon the officer's perception of marijuana scent in making its conclusion. *Id.* at 765; *United States v. Kerr,* 876 F.2d 1440 (9th Cir.1989). The strong odor of marijuana inside Wilkey's house, combined with the actual drug paraphernalia identified upstairs, corroborated the information received through the anonymous tip. These facts, which were independent from the allegedly tainted evidence discovered in the basement, formed a sufficient basis for determining that probable cause existed for issuance of the search warrant.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.